**612**

Zelda WAGNER, Appellant,

v.

COLONIAL LIFE AND ACCIDENT IN-
SURANCE COMPANY, Appellee.

Court of Appeals of Kentucky.

Nov. 23, 1966.

Frank G. Gilliam, William S. Black,
Lexington, for appellant.

Robert M. Odear, Leslie W. Morris, II,
Stoll, Keenon & Park, Lexington, for ap-
pellee.

WADDILL, Commissioner.

This is the second appeal of this case.
On the first appeal we reversed the judg-
ment in favor of the beneficiary of the in-
surance policy in question and held, in sum-
mary, that the beneficiary was not entitled
to recover because "Under the terms of the
policy the act [of shooting the assured was
not accidental but] was intentional and
therefore specifically excluded from the
coverage." Colonial Life & Accident
Insurance Company v. Wagner, Ky., 380
S.W.2d 224.

Following remand of the case to the
circuit court, the Insurance Company, rely-
ing upon the law of the case set forth in
our former opinion, moved for summary
judgment. CR 56.02. In response to this
motion the affidavit of Dr. Graham Dim-
mick, a psychologist was filed wherein he
stated that Warren Shockley, the person
who shot and killed the assured, was, at the
time he committed this act, "temporarily
insane" and therefore not mentally capable
of distinguishing between "right and
wrong." The circuit court sustained the
motion for summary judgment and entered
judgment accordingly.

On the present appeal it is contended that
an injury inflicted upon another by an
insane person cannot be held as a matter
of law to be intentional and, therefore,
the question of whether Shockley had the
mental capacity to intentionally injure the
assured was for the jury.

The contention is now unavailing since
our former opinion in this case determined
that, irrespective of whether Shockley was
insane, the gunshot wounds which caused
the death of the assured were "intentionally
inflicted" as this term is used in the policy.

The judgment is affirmed.